**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**PANTRINCA D. WILEY**                                                                 **PLAINTIFF**

**V.**                                                **NO. 3:16CV00275-JMV**

**CAROLYN W. COLVIN,
Acting Commissioner of Social Security**                                  **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held August 8, 2017, the court finds the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence in the record. First, the ALJ's determination of a medium RFC is not supported by any medical opinion. Second, the ALJ implicitly and completely rejected Dr. Mary Blair's medical opinion that the claimant's use of a cane was medically necessary on the basis that the claimant presented for some medical evaluations without an assistive device and had a normal gait on some occasions. However, in view of the number of instances in the record where the claimant appeared at medical examinations with an assistive device and had

an abnormal gait, it was incumbent upon the ALJ, having rejected the only examining medical opinion regarding medical necessity of a cane, to obtain medical source evidence regarding the extent of the claimant's ability to ambulate without a cane on an ongoing and continuous basis in a work setting.

On remand, the ALJ must reconsider the claimant's RFC. Particularly, the ALJ must order another physical consultative examination and require that the examiner submit a function-by-function assessment of the claimant's ability to perform physical work-related activities. This assessment must also include a determination of the claimant's need for a hand-held assistive device and the extent of her ability to ambulate without it in a work setting (e.g., prolonged standing/walking, uneven terrain, ascending or descending slopes, etc.) on an ongoing and continuous basis. The ALJ may conduct any additional proceedings which are necessary and not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 9th day of August, 2017.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE